<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-7945**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MYRNA JOSEPHINE HOLT WILSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (7:06-cv-00605; 7:98-00091-sgw)

———————

Submitted:  February 22, 2007          Decided:  March 5, 2007

———————

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Myrna Josephine Holt Wilson, Appellant Pro Se.  Sharon Burnham, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Myrna Josephine Holt Wilson seeks to appeal the district court's order construing her motion for relief of sentence as a motion filed pursuant to 28 U.S.C. § 2255 (2000), and then dismissing it for lack of jurisdiction as an unauthorized successive motion.  An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1) (2000).  When, as here, a district court dismisses a § 2255 motion solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  We have independently reviewed the record and conclude that Wilson has not made the requisite showing. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Finally, in accordance with United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003), we construe Wilson's notice of appeal and informal brief as a motion for authorization under 28 U.S.C. § 2244 (2000), to file a successive habeas corpus motion. To obtain permission to bring a second or successive § 2255 motion,

a movant must show that her claim: (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) relies on newly discovered facts that tend to establish the movant's innocence. 28 U.S.C. § 2244. We conclude that Wilson has not satisfied either standard.

Accordingly, we deny Wilson's implicit application for leave to file a successive § 2255 motion, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

- 3 -